UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br>　　　　Plaintiff,<br>　　v.<br>CIRCLE A FOODMART AND GAS, et al.,<br>　　　　Defendants. | Case No. 4:15-cv-02759-KAW<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 54 |

Presently, Defendants Circle A Foodmart and Gas and Gurnath Singh are represented by attorney Michael D. Welch. On July 31, 2017, counsel moved to withdraw. (Mot., Dkt. No. 54.) Counsel states that, for the past year, Defendants have failed to communicate with counsel despite numerous attempts to contact them via telephone, email, and visits. (Decl. of Michael D. Welch, "Welch Decl.," Dkt. No. 54-1 at 5 ¶ 3.) Counsel served copies of the motion on Defendants via U.S. Mail. (Certificate of Service, Dkt. No. 61.) Defendants did not file an opposition to the motion to withdraw.

The Court held a hearing on the motion November 16, 2017. Attorney Michael D. Welch appeared at the hearing. Defendants did not appear.

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or pro se if the client is not a corporate entity. Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v.*

*Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Under California Rule of Professional Conduct 3-700(C), an attorney may request permission to withdraw if the client breaches an agreement or obligation to its counsel as to expenses or fees, or if the client engages in "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively," such as a client's failure to communicate with his attorney. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d).

The Court has discretion regarding whether to grant a motion to withdraw, and an attorney's request to withdraw should be denied "where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (no prejudice or undue delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the case). Here, the Court finds that good cause exists to grant the motion to withdraw. Counsel has attested that Defendants have failed to communicate with him despite counsel's efforts to reach them using various forms of communication, and despite having reached a tentative settlement over one year ago. (Welch Decl. ¶¶ 3-4.) This is a valid ground for withdrawal. Furthermore, although Defendants have been served with counsel's motion to withdraw, they did not object to the motion nor did they appear at the hearing to contest the motion to withdrawal. Lastly, there is no showing that withdrawal would work an injustice or cause undue delay, as Defendants' actions are the reason why the case has not been resolved.

Accordingly, counsel's motion to withdraw is granted, and attorney Michael D. Welch is relieved as counsel of record. Since Defendants have not consented to the withdrawal and no substitution of counsel has been filed, all papers from the court and from other parties shall continue to be served on defense counsel for forwarding purposes until a substitution of counsel is filed. *See* Civil L.R. 11-5(b).

IT IS SO ORDERED.

Dated: November 16, 2017

KANDIS A. WESTMORE
United States Magistrate Judge